IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) Criminal No. 1:25-CR-411 (AJB/DJS) |
| v. | ) **Superseding Indictment** |
| **JAEL WATTS and LUIS PINO-COPETE,** | ) Violations: 18 U.S.C. § 1349 [Conspiracy to Commit Wire Fraud] |
| **Defendants.** | ) 18 U.S.C. § 1343 [Wire Fraud] |
| | ) 18 U.S.C. § 1028A [Aggravated Identity Theft] |
| | ) 12 Counts |
| | ) County of Offenses: Albany |

## THE GRAND JURY CHARGES:

### Background

At times relevant to the superseding indictment:

1. The defendants, **JAEL WATTS** and **LUIS PINO-COPETE**, resided together in Bridgeton, New Jersey.

2. **WATTS** and **PINO-COPETE** operated a not-for-profit company, Pearl Transit Corp. ("Pearl Transit"), that claimed to provide transportation services to the elderly and disabled in New York, as well as other states, including North Carolina, Georgia, Florida, Michigan, Tennessee, Indiana, and California. **PINO-COPETE** served as Vice-President of Operations for Pearl Transit. **WATTS** served as the Operations Manager for Pearl Transit.

3. The Federal Transit Administration ("FTA"), part of the United States Department of Transportation ("USDOT"), operated a program that provided funding to states and designated recipients to meet the transportation needs of older adults and people with disabilities when a needed transportation service was otherwise not available or insufficient (the "Section 5310 Program"). *See generally* 49 U.S.C. § 5310 *et seq*. The Section 5310 Program apportioned funds

based on each state's share of the population for these two groups.

4. In New York, the New York State Department of Transportation ("NYSDOT"), based in Albany, New York, could award Section 5310 Program funds to providers of transportation services, including local governmental authorities, operators of public transportation, and private non-profit organizations, such as Pearl Transit.

5. The New York State Office of General Services' ("NYSOGS") Business Service Center ("BSC"), based in Albany, hosted accounts payable processes for various state agencies, including NYSDOT. A vendor, seeking payment from the state, could send invoices to the BSC either in paper form or by email in the form of a Grant Agreement Payment Application ("Application"). The BSC used this Application to enter an electronic invoice into the Statewide Financial System ("SFS") and routed the electronic invoice to the agency, in this case NYSDOT, to confirm the invoice was appropriate to pay. If the agency deemed the invoice appropriate to pay, the agency would convert the electronic invoice into a voucher in the SFS. In certain situations, the BSC submitted the voucher to the New York State Office of the State Comptroller ("NYSOSC"), based in Albany, for audit and payment.

6. On or about March 20, 2022, Pearl Transit applied for FTA Section 5310 Program funding for the year 2022 ("Application"). That Application was required to be reviewed by an attorney. The application submitted by **WATTS** contained her signature and the forged signature of an attorney who initials are A.J.F.

7. After review, on or about December 19, 2023, Pearl Transit entered into contract number C005827 with NYSDOT (the "Contract"). The Contract was signed by **WATTS**, approved by NYSDOT on or about February 13, 2024, and approved by NYSOSC on or about August 29, 2024. The Contract covered the period January 1, 2022, to December 31, 2027. The Contract had an estimated project cost of $1,275,550, of which up to $745,322 would be Section 5310 Program

2

funds. Pursuant to the Contract, Pearl Transit could apply for reimbursement for completed transports of disabled and/or elderly residents of NYS.

## COUNT 1
### [Conspiracy to Commit Wire Fraud]

8. Paragraphs 1 through 7 are hereby realleged and incorporated as if fully set forth herein.

9. From in or around March 2022 and continuing until at least July 2025, in Albany County in the Northern District of New York, and elsewhere, **WATTS** and **PINO-COPETE** conspired to commit wire fraud by devising and intending to devise a scheme and artifice to defraud the State of New York, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and transmitting and causing to be transmitted by means of wire communication in interstate commerce, writings, signs, and signals for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Sections 1343.

### Object of the Conspiracy

10. The objects of the conspiracy were for **WATTS** and **PINO-COPETE** to fraudulently obtain payment from the State of New York for Pearl Transit's transportation of disabled and/or elderly residents when **WATTS** and **PINO-COPETE**, and their company Pearl Transit did not, in fact, transport any elderly or disabled residents in New York.

### Manner and Means

It was part of the scheme and artifice to defraud that:

11. **WATTS** and **PINO-COPETE** fraudulently sought payment of hundreds of thousands of dollars, including Section 5310 Program funds, on the Contract, by falsely representing, via numerous documents submitted to New York State agencies, including the NYSDOT, NYSOGS, and NYSOSC, that Pearl Transit had transported disabled and/or elderly residents of counties including Putnam, Rockland, Suffolk and Westchester Counties, in 2022 and

3

2023, including on specifically identified dates and times and utilizing specifically identified drivers. In fact, as **WATTS** and **PINO-COPETE** well knew, (i) Pearl Transit did not transport any disabled and/or elderly people in Nassau and Suffolk Counties in 2022 and 2023; (ii) Pearl Transit did not transport any such people on the dates and times indicated in the documents submitted to New York State agencies; and (iii) Pearl Transit did not employ, contract with, or otherwise utilize the drivers listed in the documents submitted to New York State agencies to transport those people.

12. For instance, on September 25, and October 2, 2024, **WATTS** emailed NYSOGS with a fraudulent request for reimbursement, in the amount of $382,323.59, for transportation that Pearl Transit claimed to have provided between January 1, 2022, to March 31, 2022 ("Reimbursement Request 1").

13. On or about November 14, 2024, **WATTS** submitted, via email, additional documentation to support Reimbursement Request 1, including a list of drivers that Pearl Transit claimed to employ, and the amounts paid to each driver. Among the drivers Pearl Transit claimed to employ were drivers with the initials A.W., J.R., and R.S.

14. On January 13, 2025, three days after NYSOGS informed **WATTS** that it required additional supporting documentation relating to Reimbursement Request 1, **PINO-COPETE** sent a chat message to **WATTS** stating, "We need to finish that work for NY" and **WATTS** responded, "And make everything ok" and "I am working on it rn."

15. On or about January 14, 2025, **PINO-COPETE** created an account with a third-party data platform where he could search for and collect drivers' license information to provide. **WATTS** sent **PINO-COPETE** a chat message in which she provided the names of A.W., J.R., and R.S. and their driver's license information, to which **PINO-COPETE** responded with an image capturing information from the third-party data platform's website that he accessed that day.

16. On January 15, 2025, **WATTS** sent an email to NYSDOT personnel regarding

4

Reimbursement Request 1, which enclosed a fraudulent document showing credentialing information for certain Pearl Transit driver's, including drivers with initials A.W., J.R., and R.S, showing the name, address, date of birth, social security number, and New York state driver's license numbers for each driver, even though the purported drivers had never been employed as drivers for Pearl Transit.

17. On February 10, 2025, after NYSDOT requested additional documentation for Reimbursement Request 1, including the name of the third-party provider Pearl Transit used to check licensing and the full reports of certain drivers, **WATTS** and **PINO-COPETE** exchanged chat messages in which **WATTS** stated, "I will make up a report," "There is no way for them to tell the difference," "And I'll make up a provider as well, and "I have driving history reports for each of those ppl I just have to add a company logo to it." **WATTS** then stated, "So I'm gonna create a company." **PINO-COPETE** agreed and replied, "I hope they won't ask for anything else."

18. On or about February 12, 2025, **WATTS** sent an email to NYSDOT personnel, stating, "Please find the reports attached" and enclosed reports showing a Motor Vehicle Report prepared by a fake company called "Actual Check," which showed the name and personal information for each purported driver, including date of birth, residential address, and driver's license number.

19. On February 27, 2025, after NYSOSC requested additional documents supporting Pearl Transit's 2022 payroll and car insurance, **WATTS** and **PINO-COPETE** exchanged chat messages regarding a car insurance policy in Colombia. **WATTS** sent **PINO-COPETE** a message stating, "Would u be willing to sign up for auto insurance in Colombia so I can get a policy document," to which **PINO-COPETE** responded, "Give ma couple mins" and "Of course." **PINO-COPETE** provided a Colombia auto insurance policy for **WATTS** to send to New York State.

20. On March 7, 2025, **WATTS** sent an email to the NYSOSC, attaching bank

statements, in Spanish, from an account at Bancolombia, for the period from December 31, 2021, to September 30, 2022, and an auto insurance policy document, in Spanish, that listed Pearl Transit with an address in Bogota, Colombia.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-11
### [Wire Fraud]

21. Paragraphs 1 through 7 and 10 through 20 are hereby realleged and incorporated as if fully set forth herein.

22. From in or about March 2022 and continuing until at least July 2025, in Albany County in the Northern District of New York, and elsewhere, **WATTS** devised and intended to devise a scheme and artifice to defraud New York State, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises.

23. On or about the following dates, for the purpose of executing the scheme and artifice to defraud New York State, as described above, and for obtaining money from New York State, **WATTS** knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce the following writings, signs and signals, each of which was an email fraudulently seeking reimbursement for transportation services Pearl Transit never provided that **WATTS**, while outside of New York, knowingly sent or caused to be sent to a New York State agency in Albany, New York, each email constituting a separate count:

| Count | Date | Email Recipient | Email Title |
|---|---|---|---|
| 2 | September 25, 2024 | NYSOGS | Reimbursement Request: Pearl Transit Corp., Invoices No. 1, 2, and 3 |
| 3 | October 2, 2024 | NYSOGS | FW: Reimbursement Request: Pearl Transit Corp., Invoice 1 |
| 4 | October 2, 2024 | NYSOGS | FW: Reimbursement Request: Pearl Transit Corp., Invoice 2 |
| 5 | October 2, 2024 | NYSOGS | FW: Reimbursement Request: Pearl Transit Corp., Invoice 3 |

| Count | Date | Email Recipient | Email Title |
|---|---|---|---|
| 6 | October 25, 2024 | NYSDOT | Re: [Incident: 241024-000485] |
| 7 | November 14, 2024 | NYSDOT, NYSOGS, and NYSOSC | Re: Request for Additional Supporting Documentation - Voucher 00443355 |
| 8 | November 15, 2024 | NYSDOT, NYSOGS, and NYSOSC | Re: Request for Additional Supporting Documentation - Voucher 00443355 |
| 9 | January 15, 2025 | NYSDOT | Re: OSC Request for Additional Documentation - Pearl Transit |
| 10 | February 12, 2025 | NYSDOT | Re: OSC Request for Documentation Drivers' Licenses - Pearl Transit 00443355 |
| 11 | March 7, 2025 | NYSOSC | Response Requested Re: Phone Message |

All in violation of Title 18, United States Code, Section 1343.

## COUNT 12
### [Aggravated Identity Theft]

24. Paragraphs 1 through 7 and 10 through 23 are hereby realleged and incorporated as if fully set forth herein.

25. On or about March 20, 2022, in Albany County in the Northern District of New York, and elsewhere, the defendant, **JAEL WATTS**, during and in relation to a felony violation contained in Chapter 63 of Title 18 of the United States Code, that is conspiracy to commit wire fraud, in violation of Title 18, United States Code, Sections 1349 and 1343, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, that is, **WATTS** knowingly transferred, possessed, and used A.J.F.'s name and identity as an attorney during and in relation to a scheme to defraud New York State.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

Dated: December 4, 2025

A TRUE BILL,

\*Name Redacted

███████████████

Grand Jury Foreperson

/s/ _____
TODD BLANCHE
Deputy Attorney General

JOHN A. SARCONE III
Acting United States Attorney

By: _____
Alexander Wentworth-Ping
Assistant United States Attorney
Bar Roll No. 701897